IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD E. BAKKEN, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 12–cv–668–DRH |
| | ) |
| MARK HODGE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, who at the time of filing this complaint was housed at Lawrence Correctional Center but has since been released from prison, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. Specifically, petitioner claims that as part of his initial sentence he was required to serve two years of mandatory supervised release (MSR). However, upon his supervised release being revoked after having a parole violation, he was sentenced to serve the remaining time on a *three* year MSR. In essence, petitioner claims his incarceration was impermissibly lengthened beyond his original MSR.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears that the petitioner is not entitled to relief in the

district court, the judge must dismiss the petition and direct the clerk to notify to petitioner." After carefully reviewing the petition and exhibits in the present case, the Court concludes that because petitioner has not exhausted his state court remedies, he is not entitled to relief at this time, and the petition must be dismissed.

*Discussion*

Petitioner cannot proceed with his present federal habeas corpus petition until he has exhausted his claims before the state courts. *Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009). This includes appealing adverse rulings to both the Appellate Court of Illinois and Supreme Court of Illinois. *Bland v. Hardy*, 672 F.3d 445, 449 (7th Cir. 2012) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999)). Although petitioner has indicated that he has filed numerous grievances on the matter at Lawrence, as well as filing emergency grievances with the warden at Lawrence, there is no indication in his complaint that he has exhausted his claims through the state courts as required by the habeas rules. Thus, the Court finds that the appropriate remedy is to dismiss the federal habeas corpus petition for failure to exhaust pending state court remedies. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

The Court also notes other issues associated with petitioner's complaint besides his lack of exhaustion. First, the Court notes that petitioner has, since the filing of his petition, been released from prison and is currently residing in Belvidere, Illinois. A petitioner's release can moot a petition if it no longer

presents a case or controversy under Article III, § 2 of the Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," and the "parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed. 2d 43 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)); *see also Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004). In other words, the petitioner must be threatened with an actual injury "likely to be redressed by a favorable judicial decision." *Id*. So, once a petitioner's sentence has expired, some "collateral consequence" of the conviction must exist if the suit is to be maintained. *Id*. Here, the record does not disclose, nor does Petitioner identify any such collateral consequence. His sentence is completed and he is no longer in federal custody.

The fact that he has been released from prison may make his habeas petition moot, but may also implicate a possible action under 42 U.S.C. § 1983. Normally when a petitioner is still incarcerated as a result of conviction, the proper method for challenging a wrongfully extended sentence would be habeas corpus after petitioner has exhausted his remedies through the Illinois state courts. *See, e.g. Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). Here, however, petitioner argues that the warden, Mark Hodge, and the records keeper, Janis Jokisch, kept him longer than what his MSR called for. Petitioner argues that the "prison system failed to implement the state courts' decision and thus defendants have deprived him of liberty without due process of law." *See Bey v.*

*Schwartz*, No. 12-1373, Doc. 00711807143 (7th Cir. May 29, 2012); Southern District of Illinois Case No. 11-951-GPM (Doc. 29-1). Such a claim is actionable under 42 U.S.C. § 1983. *Id.* This theory of relief is backed up by petitioner's petition which also claims that Hodge and Jokisch's actions violated his 14th Amendment Due Process Rights and 8th Amendment Rights, which are also actionable under 42 U.S.C. § 1983.

While petitioner's petition could be construed as one under 42 U.S.C. § 1983 given his release from prison and claims, which are similar to those in *Bey*, the Court will not construe the petition as a civil rights claim. While courts sometimes construe mistakenly labeled habeas corpus petition as a civil rights complaint, the Seventh Circuit has held that district courts should not do this. *Graham v. Broglin*, 922 F.2d 379, 381-82 (7th Cir. 1991) (collecting cases); *Bunn*, 309 F.3d at 1007; *Moore v. Pemberton*, 110 F.3d 22, 24, (7th Cir. 1997). It would be inappropriate to do so here, because petitioner would face a preliminary review under the Prisoner Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). 28 U.S.C. § 1915. Petitioner would also be responsible for paying a higher filing fee and could be assessed a "strike" if the Court deemed the action frivolous, malicious, or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g). Accordingly, the Court will not construe petitioner's petition as a civil rights claim under 42 U.S.C. § 1983.

### *Disposition*

For the reasons stated above, the Court **DISMISSES without prejudice** petitioner's claim for failure to exhaust and for mootness.

**IT IS SO ORDERED.**

**DATED: August 17, 2012.**

David R. Herndon
2012.08.17
05:50:17 -05'00'

**Chief Judge**
**United States District Court**